```
wwUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x
CLAUDE ROBINSON,                 :
                                 :
              Petitioner,        :
                                 :     05 Civ. 4496 (BSJ)(KNF)
         v.                      :
                                 :
SUPERINTENDENT DAVID MILLER,     :         Order
                                 :
              Respondent.        :
--------------------------------x
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Before the Court are the objections of pro se Habeas Petitioner Claude Robinson ("Robinson" or "Petitioner") to the Report and Recommendation ("R&R") of Magistrate Judge Kevin Nathaniel Fox recommending the denial of Robinson's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the Court adopts the R&R, overrules Robinson's objections and DENIES his Habeas Petition.

### I.   BACKGROUND AND PROCEDURAL HISTORY

On July 8, 1996, Robinson was convicted of two counts of first-degree robbery and one count of attempted third-degree robbery following a jury trial in New York State Supreme Court, New York County. Upon his conviction, Robinson was sentenced, as a persistent felony offender, to concurrent terms of twenty-five years to life imprisonment. The Appellate Division determined that Robinson's arrest

1

was not based on probable cause, reversed the judgment of conviction, and remanded the case "for a new trial to be preceded by an independent source hearing as to all identifying witnesses." People v. Robinson, 282 A.D.2d 75, 83, 728 N.Y.S.2d 421, 428 (App. Div. 1st Dep't. 2001).

Upon remand, on October 25, 2001, new line-ups were conducted, where some of the witnesses who had participated in the original line-up identification proceedings participated. (R&R at 4.) Following the line-ups, a New York County grand jury charged Robinson with two counts of second-degree robbery and one count of attempted second-degree robbery. (Id.) In April 2002, the trial court conducted a combined independent source and Wade hearing, where Robinson made a motion to suppress the October 2001 line-up identifications as unduly suggestive, but the motion was denied. (Id. at 4-5.) Following the hearing, on April 8, 2002, Robinson pled guilty to two counts of second-degree robbery, in full satisfaction of all outstanding charges. He was later sentenced, as a persistent felony offender, to concurrent terms of 16 years to life imprisonment. (Id. at 5.)

Robinson then appealed to the New York State Supreme Court, Appellate Division, First Department, from the judgment of conviction, arguing (1) the prosecution did not

2

meet its burden of establishing an independent source for the in-court identifications of him because the perpetrator of the charged crimes concealed his face, the witnesses were scared by the robber, and the witnesses identified him based on having seen him in tainted line-ups and at the first trial; (2) the line-up identifications conducted in October 2001 should have been suppressed, because they were unduly suggestive and the witnesses remembered him from his first trial and the line-up identification proceedings conducted prior to his first trial. (Id. at 5.)  On June 10, 2004, the Appellate Division affirmed the conviction. See People v. Robinson, 8 A.D.3d 95, 96, 778 N.Y.S.2d 151, 152 (App. Div. 1st Dep't 2004).  On October 22, 2004, the New York Court of Appeals denied Robinson's request for leave to appeal to that court.  See People v. Robinson, 3 N.Y.3d 742, 786 N.Y.S.2d 821 (2004).

On May 9, 2005, Robinson, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Robinson challenges his state court conviction of two counts of robbery in the second degree, alleging that the prosecution did not prove an independent source, that the line-ups were unduly suggestive, and that the line-ups should not have taken place before the independent source hearing.  On March 21, 2008, Magistrate Judge Kevin

3

Nathaniel Fox issued a thorough R&R recommending the denial of Robinson's petition. On June 11, 2008, Robinson filed objections to Magistrate Judge Fox's R&R with this Court.

## II. Discussion

### a. Standard of Review

When a magistrate judge has issued findings or recommendations, the district court "may accept, reject, or modify [them] in whole or in part." 28 U.S.C. § 636(b)(1)(C). The Court reviews de novo any portions of a Magistrate Judge's R&R to which a petitioner has stated an objection. 28 U.S.C. § 636(b)(1)(C); see United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). "Where no objections are filed, or where the objections are 'merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition,' the court reviews the report for clear error." Brown v. Ebert, No. 05 Civ. 5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006) (quoting Gardine v. McGinnis, No. 04 Civ. 1819, 2006 WL 3775963, at *4 (S.D.N.Y. Dec. 20, 2006)). As Petitioner is proceeding pro se, this Court will "read [his] supporting papers liberally, and. . . interpret them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

4

### b. Robinson's Objections

First, in his appeal to the Appellate Division, Robinson asked the court to overturn his judgment of conviction, arguing that the prosecution did not meet its burden of establishing an independent source for the in-court identifications and that the line-up identifications conducted in October 2001 should have been suppressed. The Appellate Division considered and rejected these claims, affirming the state trial court. (R&R at 5.) Petitioner then raised these same claims in his federal habeas petition. In his R&R, Magistrate Judge Fox found these claims meritless, determining that Petitioner had merely presented the same arguments as he had on appeal, without identifying any evidence or authority to rebut the state court's decision. (Id. at 11-12.) As Petitioner does not object to Magistrate Judge Fox's analysis on these claims and the report is not clearly erroneous, this Court adopts Magistrate Judge Fox's recommendation.

Second, in his petition for habeas relief, Petitioner also asserts a new claim that the state trial court's order for the line-up identification proceeding to take place prior to the independent source hearing was unconstitutional. (R&R at 7.) In his R&R, Magistrate Judge Fox determined that Petitioner had the opportunity to

5

raise this issue either by filing a motion to vacate his conviction with the state trial court following his guilty plea under C.P.L. § 440.10 or in his appeal before the Appellate Division. (Id. at 8.) Petitioner failed to avail himself of these opportunities. (Id.) Magistrate Judge Fox then determined that the claim would be procedurally-barred in any future state court proceedings because it was not raised on appeal to the Appellate Division. (Id.) A procedurally-barred claim may only be considered by the federal court if the petitioner can show cause for the default and prejudice resulting from it, or that the court's failure to consider the federal claim will result in a fundamental miscarriage of justice because the petitioner is actually innocent. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). To establish cause, a petitioner must demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Magistrate Judge Fox found that Petitioner had shown neither cause for his procedural default nor any facts demonstrating that Petitioner was actually innocent of the charges for which he has been convicted. As a result, Magistrate Judge Fox concluded that it would be improper for the federal court to consider this claim.

6

(R&R at 9.) Petitioner does not object to Magistrate Judge Fox's analysis on this issue and the report is not clearly erroneous. Therefore, this Court adopts Magistrate Judge Fox's recommendation.

In his objections to this Court, Petitioner appears to assert a claim for ineffective assistance of counsel, arguing that his attorney should have informed him of his ability to file a motion pursuant to C.P.L. § 440.10 and should have discussed the procedural consequences of failing to file such a motion. However, Petitioner did not raise ineffective assistance of counsel claims at any point in his habeas petition before Magistrate Judge Fox. In cases where a petitioner fails to raise a claim in his original petition, and has never sought leave to amend the petition to assert such a claim for habeas relief, the claim is not properly before the district court and therefore provides no basis for challenging the magistrate's proposed findings on the claims raised in the petition. Nelson v. Smith, 618 F.Supp. 1186, 1991 n.5 (S.D.N.Y. 1985). "If the Court were to consider formally these untimely contentions, it would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a report is issued to advance additional arguments." Abu-Nassar v. Elders Futures, 1994

U.S. Dist. LEXIS 11470 at *4 n.2 (S.D.N.Y. Aug. 17, 1994). Therefore, this Court will not consider Petitioner's new ineffective assistance of counsel claims.

Third, Robinson alleges that his trial attorney never informed him that by pleading guilty, he was waiving his challenges to the state trial court's ruling on the suppression motions or any claim regarding the suggestiveness of the line-ups. As an initial matter, this Court will not consider this new ineffective assistance of counsel claim that was not raised in Robinson's petition. Even if considered, however, Petitioner's claim is futile because Robinson did not waive his right to challenge the state trial court's actions by pleading guilty.[1] Rather, Petitioner's state criminal appeals and federal habeas corpus petition were permitted to proceed.

Finally, Robinson contends that prior to entering a guilty plea, he advised his attorney that he did not want to plead guilty, but so pled based on his attorney's advice. This objection does not address any of the arguments made to and rejected by Magistrate Judge Fox regarding the independent source hearing and the

---

[1] As Magistrate Judge Fox ruled, because Robinson "availed himself of the post-guilty plea appellate review procedures afforded to criminal defendants in New York," his constitutional claims were raised in a "timely fashion" and were not foreclosed from review in a federal habeas corpus proceeding. (R&R at 7.)

8

suggestiveness of the line-ups. Rather, Petitioner asserts a new claim of ineffective assistance of counsel that will not be considered by this Court.

### III. Conclusion

For the foregoing reasons, the Court ADOPTS the Report and Recommendation of Magistrate Judge Kevin Nathaniel Fox in its entirety and DENIES Robinson's Petition for a Writ of Habeas Corpus. Because Robinson has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; see United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal taken from this order would not be taken in good faith.

Because there are no further matters to be decided, the Clerk of the Court is directed to close this case.

**SO ORDERED:**

BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:   New York, New York
         April 26, 2010